## Veterans' Benefits

KANE, Attorney General, DeLUCA, Jr. and SCHILLING, Deputies Attorney General, and YAKOWICZ, Solicitor General, February 21, 1978 — You have asked for our opinion as to whether an individual who received a clemency discharge pursuant to President Gerald R. Ford's Clemency Discharge Program has received an "honorable discharge" for purposes of section 7101

of the Military Code of August 1, 1975, P.L. 233, 51
Pa.C.S.A. §7101, and is, therefore, entitled to those
veterans' benefits and preferences extended by the
various provisions of chapter 71 of the Military
Code, 51 Pa.C.S.A. §7101 et seq. It is our opinion,
and you are hereby advised, that a discharge re-
ceived pursuant to President Ford's Clemency Dis-
charge Program* is not an "honorable discharge"
for purposes of the Military Code.

Chapter 71 of the Military Code, 51 Pa.C.S.A.
§7101 et seq., provides for certain benefits and
preferences which are available to eligible veter-
ans. In order to establish eligibility for these prefer-
ences and benefits, a veteran must qualify as a
"soldier" as that term is defined in the Military
Code.

"As used in this chapter, 'soldier' means a person
who served in the armed forces of the United
States, or in any women's organization officially
connected therewith, during any war or armed con-
flict in which the United States engaged, or who so
served or hereafter serves in the armed forces of the
United States, or in any women's organization offi-
cially connected therewith, since July 27, 1953, in-
cluding service in Vietnam, and who has *an honor-
able discharge* from such service." 51 Pa.C.S.A.
§7101. (Emphasis supplied.)

In order to be considered a "soldier," as that term
is defined in chapter 71 of the Military Code, it is
necessary that a veteran receive "an honorable dis-
charge" from the armed forces. Therefore, it is

---

*We do not pass upon the question of whether discharges
upgraded by President Carter's program are entitled to be con-
sidered as "honorable discharges" for purposes of veterans'
preference.

necessary to determine what type or types of discharges constitute "an honorable discharge" under the Military Code and whether a discharge received pursuant to President Ford's Clemency Program qualifies as "an honorable discharge" under Pennsylvania law.

Attorney General's Opinion no. 35 of 1957 held that preferences are available not only to those possessing an honorable discharge, but also to those possessing general discharges, good discharges, satisfactory discharges, indifferent discharges, or special order discharges. The opinion concluded that each of these discharges must be treated as "an honorable discharge" for purposes of veterans' preference because each was issued "under honorable conditions." We deem this to be the central conclusion of that opinion. A discharge, whatever its denomination, must be treated as an honorable discharge for purposes of veterans' preference as long as it is issued "under honorable conditions."

President Ford's Clemency Discharge Program was established by Presidential Proclamation no. 4313, 3A C.F.R. §68 (1974). In order to implement the Proclamation, President Ford established, by Executive Order no. 11803, 3A C.F.R. §168 (1974), the Clemency Board. The board promulgated regulations governing, inter alia, the nature of a clemency discharge, 40 Fed. Reg. 12,763 (1975). The Executive Order and the board's regulations indicate that the clemency discharge is a neutral discharge.

This conclusion is confirmed by the Report of the Clemency Board to President Ford.

"The Clemency Discharge was intended by the President to be a 'neutral' discharge, to be neither under 'honorable' conditions nor under 'other than

honorable' conditions. Military records are re-characterized with the new Clemency Discharge, which is in substitution for the earlier Bad Conduct or Undesirable Discharge (under other than honorable conditions) or Dishonorable Discharge (under dishonorable conditions). A Clemency Discharge is neutral, better than the discharge it replaces but not as good as a General Discharge, which is given affirmatively under honorable conditions. By express direction in the Proclamation, a Clemency Discharge bestows no veterans' benefits itself. Nor, however, does it adversely affect the conditional availability of veterans' benefits to holders of Undesirable or Bad Conduct Discharges. Otherwise, the President's act of clemency would have had the unintended effect of impairing and not improving an applicant's status.

"...

"The President's program was a unique and supplemental form of relief to certain classes of former servicemen. It did not deny pre-existing statutory or administratively granted avenues of relief available to individuals regardless of their eligibility for clemency. While perhaps the relinquishment of those rights could have been made a condition of the President's program, no such condition was expressed in his Proclamation. For that reason, all military applicants who receive a Clemency Discharge can still apply for a further upgrade through the appropriate military review boards. Likewise, they can still appeal for benefits to the Veterans' Administration. Their chances for success should be much better with a pardon and Clemency Discharge than with their original discharge and record of unpardoned offenses." Presidential Clemency Board, Report to the President, p. 13 (1975).

And by the opinion of White House General Counsel Lawrence M. Baskir:

"The Clemency Discharge is a neutral discharge, issued neither under 'honorable conditions' nor under 'other than honorable conditions.' It is to be considered as ranking between an Undesirable Discharge and a General Discharge. Such a discharge in and of itself restores no Veterans Benefits. While there is no change in benefit status per se, a recipient may apply to the Veterans Administration for benefits. He may also apply for an upgrade in his original discharge (Undesirable, Bad Conduct, Dishonorable) to the appropriate Discharge Review Board, where the Clemency Discharge should greatly improve the recipient's chances for success. Finally, the Clemency Discharge, like a Presidential Pardon, is an expression by the Chief Executive that the stigma of a bad record has been removed, and that the bearer of a Clemency Discharge should no longer be discriminated against in his future opportunities." Op. White House Counsel (September 5, 1975).

In short, a discharge granted pursuant to President Ford's Clemency Discharge Program is not issued "under honorable conditions." Rather, it is a neutral discharge which, by Presidential Proclamation and Executive Order, has been upgraded from a bad conduct, undesirable or dishonorable discharge. While the receipt of a clemency discharge may remove the punitive effects of a bad conduct, undesirable or dishonorable discharge, it is not issued under honorable conditions.

In conclusion, it is our opinion, and you are hereby advised, that holders of clemency discharges issued pursuant to President Ford's Clemency Discharge Program are not entitled to the

preferences and benefits extended to veterans under chapter 71 of the Military Code. The clemency discharge is a neutral discharge, not issued under honorable conditions. Therefore, the recipient of a clemency discharge is not a "soldier," as that term is defined by section 7101 of the Military Code, 51 Pa.C.S.A. §7107, and is not entitled to veterans' benefits.